UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS
URBANA DIVISION

DONTRELL L. THOMPSON            )
                                )
         Plaintiff,             )
    v.                          )    Case No. 13-CV-2033
                                )
SHANE STANDIFER, JOHN McALLISTER,)
and CITY OF CHAMPAIGN,          )
                                )
         Defendants.            )

## OPINION

This case is before the court for ruling on various pro se Motions filed by Plaintiff, Dontrell L. Thompson. Following a careful review of Plaintiff's Motions, and Defendants' Response (#43) to one of the Motions: (1) Plaintiff's Motion for Appointment of Counsel (#40) is DENIED; (2) Plaintiff's Motion for Hearing (#41) is DENIED; and (3) Plaintiff's Motion for DNA testing (#42) is DENIED.

BACKGROUND

On February 4, 2013, Plaintiff filed a pro se Complaint (#1) against Defendants, Shane Standifer, John McAllister and the Champaign Police Department. Plaintiff alleged that Standifer and McAllister used excessive force when they shot Plaintiff at Market Place Mall on May 1, 2011. Plaintiff also filed a Petition to Proceed in Forma Pauperis (#2), his prisoner trust fund ledger (#3) and a Motion to Appoint Counsel (#4). On February 4, 2013, Petitioner's Petition to Proceed in forma pauperis was granted. On April 10, 2013, Plaintiff filed a pro se Amended Complaint (#7) and alleged that the Champaign Police Department failed to adequately train Standifer and McAllister. On May 13, 2013, United States District

Judge Michael P. McCuskey entered a text order denying Plaintiff's Motion to Appoint Counsel. On June 11, 2013, Defendants Standifer and McAllister filed an Answer to Complaint and Affirmative Defenses (#15). They also filed a Motion to Dismiss (#16) and Memorandum in Support (#17). They asked this court to dismiss any allegation that they were liable in their official capacity for any constitutional violation. On July 17, 2013, Plaintiff filed a Motion for Appointment of Counsel (#22).

Judge McCuskey held a status conference on July 31, 2013 and granted in part and denied in part the Motion to Dismiss (#16). Judge McCuskey stated that the case would proceed against Defendants Standifer and McAllister in their personal capacities. Judge McCuskey terminated the Champaign Police Department as a Defendant and added the City of Champaign as a Defendant. Another status conference was held on September 13, 2013, and Judge McCuskey ordered that the City of Champaign was to be served with the Amended Complaint. Judge McCuskey also denied Petitioner's Motion for Appointment of Counsel (#22). On November 7, 2013, Defendant City of Champaign filed its Answer to Amended Complaint (#35). On December 11, 2013, Plaintiff's deposition was taken pursuant to video writ.

On December 13, 2013, this case was assigned to this court. On January 29, 2014, this court entered a Scheduling Order (#39) which set a discovery deadline of August 15, 2014 and a dispositive motion deadline of October 1, 2014.

PENDING MOTIONS

I.  MOTION FOR APPOINTMENT OF COUNSEL

On February 14, 2014, Plaintiff filed a pro se Motion for Appointment of Counsel (#40).  Plaintiff stated that he had made attempts to retain counsel to represent him in this proceeding and had previously filed an application to proceed in forma pauperis which was a true and correct representation of his financial status.  Plaintiff stated that he does not have the ability to represent himself in this case.

"There is no constitutional or statutory right to counsel in federal civil cases." *Romanelli v. Suliene*, 615 F.3d 847, 851 (7th Cir. 2010), *citing Pruitt v. Mote*, 503 F.3d 647, 656 (7th Cir. 2007).  Nevertheless, a district court does have discretion under 28 U.S.C. § 1915(e)(1) to request counsel for an indigent litigant.  *Pruitt*, 503 F.3d at 654. "When a pro se litigant submits a request for court-appointed counsel, the district court must first consider whether the indigent plaintiff has made reasonable attempts to secure counsel on his own, or conversely, if he has been precluded from doing so." *Romanelli*, 615 F.3d at 851, *citing Pruitt*, 503 F.3d at 654.  "Next, the district court must evaluate the complexity of the case and whether the plaintiff appears competent to litigate it on his own." *Romanelli*, 615 F.3d at 851-52, *citing Pruitt*, 503 F.3d at 654-55.

This court initially notes that, while Plaintiff has stated that he has made attempts to retain counsel, he has not attached any documentation, such as letters from attorneys declining to represent him, to demonstrate that this is true.  This court therefore concludes that Plaintiff has not adequately shown that he has made reasonable attempts to secure counsel on his own.  This court also concludes that Plaintiff's filings in this case show that

he has an understanding of the issues and an ability to represent himself. Moreover, this court concludes that it is too early to make a determination whether Plaintiff's claims are sufficiently meritorious such that appointing counsel would make a difference in the case. Lawyers who accept appointments to represent pro se plaintiffs in civil cases are not guaranteed any compensation. Thus, before this court takes the significant step of seeking out a lawyer willing to take the case, the court has an obligation to insure that the issues raised in a particular case are both substantial and meritorious. The number of lawyers able to take court appointments is very limited. Therefore, it is simply impossible to accommodate all of the requests of pro se plaintiffs, mostly prisoners, who request a lawyer.

For all of the reasons stated, Plaintiff's Motion for Appointment of Counsel (#40) is DENIED at this time.

## II.  MOTION FOR HEARING

On February 18, 2014, Plaintiff filed a document which appears to be a letter to this court but which was docketed as a Motion for Hearing (#41). Plaintiff stated that there have been delays in mail service at the prison where he is housed which is impacting his ability to get information and proceed with this case. Plaintiff also stated that he does not really understand discovery and how to use expert testimony. Plaintiff stated that he really needs counsel and asked for this court's assistance.

This court cannot give Plaintiff legal assistance and advice. In addition, this court has already concluded that Plaintiff has not shown, at this stage of the proceedings, that counsel should be appointed to represent him. Accordingly, Plaintiff's Motion for Hearing (#41) is

DENIED.

### III.  MOTION FOR DNA TESTING

On February 24, 2014, Plaintiff filed a pro se Motion for DNA Testing (#42). Plaintiff stated that, on May 1, 2011, a gun was recovered from the crime scene and is in the custody of the state. Plaintiff stated that he is asking for a DNA test because it can prove that the gun officers say he had was never in his possession. On February 25, 2014, Defendants filed their Response to Motion for DNA Testing (#43). Defendants objected to the Motion and stated that none of the Defendants are in possession of the items requested to be tested by Plaintiff.

This court notes that a review of public records shows that, on March 1, 2012, Plaintiff was convicted following a jury trial of attempted first degree murder. The jury found that Plaintiff shot and injured Tony Brock on May 1, 2011, at Market Place Mall. *People v. Thompson*, 2013 WL 467397, at *1 (Ill.. App. Ct. 2013) (unpublished order). The jury signed a special verdict form finding the Plaintiff, while committing the offense of attempted first degree murder, personally discharged a firearm that proximately caused great bodily harm to another person. *Thompson*, 2013 WL 467397, at *1. On April 5, 2012, Plaintiff was sentenced to 55 years in the Illinois Department of Corrections. His conviction and sentence were affirmed by the Illinois Appellate Court, Fourth District, on August 26, 2013. The Illinois Supreme Court denied Plaintiff's petition for leave to appeal on November 27, 2013.

In *Heck v. Humphrey*, 512 U.S. 477 (1994), the United States Supreme Court held that

"the plaintiff in an action under 42 U.S.C. § 1983 may not pursue a claim for relief that implies the invalidity of a criminal conviction, unless that conviction has been set aside by appeal, collateral review, or pardon." *Gilbert v. Cook*, 512 F.3d 899, 900 (7th Cir. 2008), *citing Heck*, 512 U.S. at 486-87. *Heck* "forbids a prisoner in his civil rights case to challenge a finding in his criminal . . . case that was essential to the decision in that case; if he insists on doing that, the civil rights case must be dismissed." *Moore v. Mahone*, 652 F.3d 722, 723 (7th Cir. 2011). However, "[o]nly a claim that 'necessarily' implies the invalidity of a conviction . . . comes within the scope of *Heck*." *Gilbert*, 512 F.3d at 902.

In this case, Plaintiff's conviction of attempted first degree murder does not preclude him from claiming that the arresting officers used excessive force against him. However, if Plaintiff's claim is that the officers used excessive force because he was not in possession of a gun, that claim is precluded by *Heck*. Plaintiff is precluded from claiming that he never had possession of the gun because that claim would imply the invalidity of his conviction of attempted first degree murder and his conviction clearly has not been set aside by appeal, collateral review or pardon. *See Heck*, 512 U.S. at 486-87.

In any case, this court does not have authority to order testing of the gun, which is not in Defendants' possession. Accordingly, Plaintiff's Motion for DNA testing (#42) is DENIED.

IT IS THEREFORE ORDERED THAT:

(1) Plaintiff's Motion for Appointment of Counsel (#40) is DENIED.

(2) Plaintiff's Motion for Hearing (#41) is DENIED.

(3) Plaintiff's Motion for DNA testing (#42) is DENIED.

(4) The Scheduling Order (#39) entered in this case remains in full force and effect.

ENTERED this 6th day of March, 2014.


s/COLIN S. BRUCE
U.S. DISTRICT JUDGE